FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 AUG 31 P 3: 21

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MELVIN MANNING #330543**                                 **CIVIL ACTION**

**Versus**                                                           **NO. 04-0025**

**N. BURL CAIN, WARDEN**                                   **SECTION: "C" (3)**

### ORDER AND REASONS

Before this Court is a petition for *habeas corpus* relief by Melvin Manning ("petitioner"),

pursuant to 28 U.S.C. § 2254.  As grounds for relief, the petitioner claims generally that he was

improperly excluded from voir dire, his adjudication as a multiple offender was predicated on an

invalid guilty plea, and he was denied the effective assistance of counsel guaranteed by the

United States Constitution.

Upon review of the record, this Court has determined that the record is sufficient and that

no evidentiary hearing is necessary.  For the reasons set forth as follows, this petition is

DENIED.

### INTRODUCTION

Mr. Manning is a state court prisoner incarcerated at the Louisiana State Penitentiary,

DATE OF ENTRY

AUG 3 1 2004

Fee_____
Process____
X  Dktd_____
   CtRmDep___
___ Doc. No.___

Angola, Louisiana.  Petitioner was charged by bill of information with armed robbery.[1]

Petitioner was convicted on January 26, 1999.[2]  On March 18, 1999, the State filed a multiple

bill of information charging petitioner as a second offender.[3]  On December 3, 1999, after two

days of hearings, the Court found petitioner guilty as a multiple offender and imposed a sentence

of seventy years at hard labor, without the benefit of probation, parole, or suspension of

sentence.[4]  On December 22, 2000, the Louisiana First Circuit Court of Appeal affirmed

petitioner's conviction and sentence.[5]  Petitioner petitioned for rehearing, which was denied by

the intermediate appellate court on March 1, 2001.[6]  Petitioner sought review before the

Louisiana Supreme Court, which denied his writ application on December 7, 2001.[7]

      On March 4, 2002, Petitioner filed an application for post-conviction relief in the 22nd

---

[1]     State Rec., vol. II of III, Bill of Information no. 277-114, State v. Manning (October 8, 1997), charging armed robbery in violation of La. R.S. 14:64.

[2]     State Rec. Vol. I and II of III, trial transcript, State v. Manning, January 25, 1999; State Rec. Vol. II of III, trial transcript, State v. Manning, January 26, 1999; State Rec. vol. II of III, Jury Verdict Form, January 26, 1999; State Rec. vol. II of III, Jury Verdict (January 26, 1999 minute entry).

[3]     State Rec. Vol. I and II of III, Multiple Offender Bill of Information.

[4]     State Rec. vol. I and III of III, Nov. 30, 1999 Transcript, Multiple Offender Hearing; State Rec. vol. I and III of III, Dec. 3, 1999 Transcript, Multiple Offender Hearing; State rec. Vol. I of III, Minute Entry (sentencing).

[5]     State v. Manning, 2000 La. App. LEXIS 3696 (La. App. 1st Cir. 2000) (No. 00-KA-0962) (unpublished opinion); State Rec. Vol. I of III.

[6]     State Rec. vol. I of III, application for rehearing, State v. Manning, 00-KA-0962; State Rec. vol. I of III, State v. Manning, 00-KA-0962 (La. App. 1st Cir. 2001) (denial of rehearing).

[7]     State Rec. vol. I of III, writ application, State v. Manning, 01-K-0236; State v. Manning, 802 So. 2d 23 (La. 2001) (denial of application 01-K-0236 for writ of certiorari or review).

Judicial District Court, alleging the identical claims raised in his federal petition.[8] The trial court denied Petitioner's application on April 5, 2002.[9] Petitioner subsequently sought a writ of review in Louisiana's Fourth Circuit Court of Appeal, which denied Petitioner's application without assigning reasons on September 23, 2002.[10] Petitioner subsequently filed a writ application with the Louisiana Supreme Court, which denied the application without assigning reasons on October 17, 2003.[11]

On January 4, 2004, petitioner filed this federal application for *habeas corpus*.  In support of his application, petitioner claims:

1.    His rights to due process were violated where his trial lawyer waived petitioner's presence during a portion of voir dire;

2.    His multiple offender adjudication rested on an invalid 1993 guilty plea;

3.    He was denied the effective assistance of counsel where his trial lawyer waived his presence during a portion of voir dire;

4.    He was denied the effective assistance of counsel where his trial lawyer failed to properly question potential jurors generally, and failed to make a peremptory challenge to Juror Lyles, specifically;

---

[8]    State Rec. vol. I of III, <u>Manning v. Cain</u>, Application for Post-Conviction Relief, March 4, 2002.

[9]    State Rec. vol. I of III, <u>Manning v. Cain</u>, Order Dismissing Petition For Post-Conviction Relief, April 5, 2002.

[10]    State Rec. vol. I of III, <u>State ex rel. Manning v. State</u>, 02-KW-1007 (La. App. 1st Cir. 2002) (writs denied).

[11]    State Rec. vol. I of III, <u>State ex rel. Manning v. State</u>, 855 So.2d 750 (La. 2003) (No. 02-KH-2836) (unpublished decision).

5.   He was denied the effective assistance of counsel where his trial lawyer failed to challenge the State's exclusion of certain jurors for cause;

6.   He was denied the effective assistance of counsel where his trial lawyer did not challenge petitioner's multiple offender status that rested on an invalid guilty plea; and

7.   He was denied the effective assistance of counsel where his appellate attorney failed to obtain and evaluate an invalid Boykin transcript and record from 1993.

I.   Exhaustion and Timeliness

The State concedes that petitioner has exhausted his remedies in the courts of the State and that his application is timely filed.  The Court agrees that Petitioner's application is timely and that he has exhausted each of his claims, therefore the Court will address the merits of petitioner's claims.

II.   Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.  Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed question of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States." 28

U.S.C. § 2254(d)(1). The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in <u>Williams</u>[ v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)] that an unreasonable application is different from an incorrect one.

<u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); <u>see</u> <u>also</u> <u>Hill</u>, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

III.     Factual Background

The facts of this case were concisely summarized by the Louisiana First Circuit Court of Appeal. "On December 30, 1996, at approximately 2:45 p.m., the defendant entered a busy convenience store in St. Tammany Parish, retrieved a large handgun from under his shirt, ordered the clerk and at least five customers to get down on the floor at gun point, and fled with the money from the cash register." <u>State v. Manning</u>, 2000 La. App. LEXIS 3696 (La. App. 1st Cir. 2000) (No. 00-KA-0962) (decision without published opinion)

IV.     Petitioner's Absence During Voir Dire

Petitioner asserts his constitutional right to due process was violated where his trial

counsel waived petitioner's presence during selection of 5 of 12 jurors. A review of the record indicates that defense counsel waived petitioner's presence at two side bar conferences that occurred between the questioning of prospective jurors and the dismissal of those jurors. The record indicates petitioner's presence during all other aspects of voir dire, including the questioning of potential jurors and the giving effect of the strikes.[12]

A defendant's constitutional right to be present during the course of criminal proceedings "is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only" United States v. Gagnon, 470 U.S. 522, 526, 84 L. Ed. 2d 486, 105 S. Ct. 1482 (1985) (internal quotations omitted). In light of that constitutional guarantee, the United States Fifth Circuit Court of Appeals has noted:

> A defendant has a right to be present at a proceeding whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge. His absence from such a proceeding amounts to a due process violation only to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.

Green v. Johnson, 116 F.3d 1115, 1124 (5th Cir. 1997) (internal quotation marks and citations omitted).

Further, the right to be present is limited to the extent it "has a relation, reasonably substantial, to the fullness of [a defendant's] opportunity to defend against the charge." Id. (citing Snyder v. Massachusetts, 291 U.S. 97, 105-06, 108, 78 L. Ed. 674, 54 S. Ct. 330 (1934)). Having recognized this limit, the Gagnon Court held that the presence of four defendants and their attorneys during an in camera discussion between a judge, juror, and another attorney was

---

[12]     Petitioner suggests that his entire in-court presence during voir dire was waived by defense counsel. This proposition is refuted by the record, which clearly indicates his in-court presence during voir dire.

not required to ensure the "fundamental fairness or a 'reasonably substantial . . . opportunity to defend against the charge.'" Id. at 527 (internal citations omitted).  Similarly, in Kentucky v. Stincer, 482 U.S. 730, 745, 96 L. Ed. 2d 631, 107 S. Ct. 2658 (1987), the Court determined that a defendant's due process right is the right to be present "at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." In Stincer, there was no violation of due process for a defendant to have been excluded from a competency hearing concerning two witnesses because the defendant gave no indication that his presence "would have been useful in ensuring a more reliable determination as to whether the witnesses were competent to testify." 482 U.S. at 747.

While the Fifth Circuit has not specifically addressed a defendant's absence in the limited context of this factual situation, other circuits have.  The Second Circuit concluded that a defendant has no constitutional right to be present during the exercise of peremptory strikes in the trial court's chambers where he was present during questioning of the prospective jurors, had an opportunity to register his opinions with counsel after juror questioning, and was present when the strikes were "given formal effect." Cohen v. Senkowski, 290 F.3d 485, 490 (2d Cir. 2002).  Similarly, the Eighth Circuit concluded that a defendant's constitutional rights were not violated when he was not present while counsel exercised peremptory strikes over the noon recess because the defendant was present during voir dire and when the strikes were given effect. United States v. Chrisco, 493 F.2d 232, 236-37 (8th Cir. 1974); United States v. Gayles, 1 F.3d 735, 738 (8th Cir. 1993).  Petitioner's absence during a bench conference between voir dire questioning and the giving effect to peremptory challenges cannot be deemed to violate the right

of petitioner's presence during trial guaranteed by the Constitution.[13]

Petitioner fails to demonstrate the deprivation of a constitutional right. Although he argues that his presence was improperly waived, he nevertheless fails to demonstrate "that his presence at the [bench conference] would have contributed to the fairness of the proceeding. He thus fails to establish, as an initial matter, the presence of a constitutional deprivation." Stincer, 482 U.S. at 747 n.21. In this case, petitioner was present during the critical aspects of jury selection, including all questioning of potential jurors, and the court's pronouncement of exclusions. Petitioner asserts no specific wrongdoing by counsel, such as a refusal to adhere to his client's wishes. Petitioner has not satisfied his burden of demonstrating that any harm resulted from the waiver of his presence during the bench conference.[14] Ultimately, petitioner's presence at side bar would not have had a reasonably substantial relation to his opportunity to defend against the charge. See Gagnon, 470 U.S. at 526.

Accordingly, petitioner has failed to demonstrate that the state court's decision was

---

[13]    Moreover, Petitioner never suggests any malfeasance occurred during these bench conferences, such as defense counsel's failure to assert defendant-requested challenges. While Petitioner does assert in a separate claim discussed below, that his attorney failed to challenge a specific juror during one of these side bars, he never asserts in his petition that he instructed his attorney to make such a challenge. As such, this claim does not bear on his presence during the critical aspects the Second and Eighth Circuits rightly attributes to voir dire. See Cohen, 290 F.3d at 490; Gayles, 1 F.3d at 738.

[14]    The Court also notes that defense counsel's waiver of petitioner's presence was permissible under state law. Pursuant to Louisiana law, a defendant charged with a felony generally shall be present "at all proceedings when the jury is present." La. Code Cr. Proc. Ann. art. 831(A)(5). However, a defendant's continued presence may be waived by his counsel after commencement of trial. La.C.Cr.P. art. 832(A). Presence of defense counsel at every portion of the proceedings satisfies the statutory requirements of articles 831 and 832. State v. Smith, 587 So.2d 62 (La. App. 4th Cir. 1991). Moreover, a defendant is not entitled to be present during bench conferences during voir dire where he is represented by counsel. See La. Code Cr. Proc. Ann. art. 795(B)(2).

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court rejects petitioner's claim that his constitutional rights were denied where his presence was waived during jury selection bench conferences.

V.      Invalidity of Prior Predicate and Multiple Offender Status

Petitioner alleges that the prosecution failed to introduce evidence regarding the constitutionality of the predicate conviction used to enhance his sentence as a multiple offender.

The Court first notes that the state court record does not support petitioner's suggestion that the predicate conviction was unconstitutional. In the multiple bill of information, it was alleged that petitioner "was duly charged in case number 365143 of the Criminal District Court for the Parish of Orleans with the crime of violating La.R.S. 14:69 relative to the Possession of Stolen Property with a value in excess of $500.00, and that afterward to wit on the 17th day of September, 1993 and the said accused pled guilty as charged."[15]  While petitioner suggests that he was not informed of his rights in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), when he pled guilty in case number 365-143, the state court record indicates otherwise. In that case, petitioner pled guilty to one count of possession of stolen property. The Boykin transcript from September 17, 1993, clearly indicates that petitioner was attended by counsel and entered a plea of guilty with the permission of the trial court. Moreover, the  trial court then addressed petitioner personally and advised him of his rights under Boykin, including petitioner's privilege against compulsory self-incrimination,  the defendant's right to a trial by judge or jury, and the defendant's right to confront his accusers.

---

[15]     State Rec. vol. I of III, multiple bill of information (signed March 18, 1999)

The defendant personally waived each of these rights, and the trial court determined there was a basis in fact for the plea of guilty, and that the plea of guilty was voluntarily and intelligently entered.[16]

Petitioner now attempts to challenge his enhanced sentence on the basis that the predicate conviction was in fact unconstitutional.  To this end, petitioner directs the Court to the fact that at the 1993 Boykin hearing, the trial court only informed petitioner of the maximum term of years, and not the possible fine, petitioner faced.   However, petitioner is not entitled to federal habeas corpus relief on that basis.  The Fifth Circuit held that "on federal habeas review, it suffices if a defendant is informed of the maximum term of imprisonment." Micheaux v. Collins, 911 F.2d 1083, 1089 (5th Cir. 1990) (internal citations and quotations omitted).

Moreover, to the extent that petitioner is attempting to challenge his enhanced sentence on the basis that the predicate conviction was unconstitutional, such a claim must fail.   In Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L.E.d.2d 608 (2001), the United States Supreme Court stated:

> We hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-04, 121 S. Ct. at 1574 (citation omitted).[17]

---

[16]    State Rec. vol. I of III, September 17, 1993, Transcript of Boykin Examination, State v. Manning, 365-143; State Rec. vol. I of III, waiver of rights form.

[17]    However, the Supreme Court did note a carve out where the guilty plea was obtained in the absence of counsel.

Petitioner has failed to demonstrate that the state court's decision denying this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.   Applying the AEDPA's deferential standard, this Court rejects petitioner's claim.

VI.     Ineffective Assistance of Trial and Appellate Counsel

Petitioner generally asserts that his conviction was obtained in violation of the United States Constitution because he was denied the effective assistance of trial and appellate counsel guaranteed by the Sixth Amendment.

Petitioner alleges that his trial counsel was ineffective when he (1) waived petitioner's presence at trial during portions of jury selection; (2) failed to properly utilize his peremptory challenges; (3) failed to challenge the State's exclusion of certain jurors for cause; and (4) failed to challenge petitioner's multiple offender status predicated on an invalid guilty plea.   Petitioner claims that his appellate counsel was ineffective when he failed to obtain and investigate an invalid Boykin transcript from 1993.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court

---

> We recognize an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

Id. at 404, 121 S. Ct. at 1574.

While petitioner does not assert a challenge to his enhanced sentence on the basis that the predicate conviction was unconstitutional because he was not represented by counsel, any such claim is clearly refuted by the state record in case number 365-143, which shows that petitioner was represented in that proceeding by an attorney.   As such, the carve out the Lackawanna Court announced is inapplicable here.

established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. See Strickland, 466 U.S. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001), cert. denied, 534 U.S. 1163 (2002). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the petitioner is challenging the actions of trial or appellate counsel. In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged

-12-

trial errors played in the total context of [the] trial." Crockett, 796 F.2d at 793. In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a petitioner must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. Briesno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001); see also Smith v. Robbins, 528 U.S. 259, 285 (2000). Therefore, petitioner must demonstrate a reasonable probability that if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. Briesno, 274 F.3d at 210.

Petitioner bears the burden of proof when asserting a claim for ineffective assistance of counsel. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. Strickland, 466 U.S. at 697.

A claim of ineffective assistance of counsel is a mixed question of law and fact. Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002), cert. denied, 538 U.S. 969, 123 S.Ct. 1768 (2003). Therefore, this Court must defer to the state court on these claims unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The only reasoned state court opinion addressing petitioner's claims of ineffective assistance of counsel is that of the state district court which held: "The record in this matter establishes that petitioner failed to prove grounds upon which relief may be granted, therefore,

under La.C.Cr.Pr. art. 929, petitioner's application is denied."[18]   Although the state district court addressed petitioner's ineffective assistance claim in a global manner, this Court will individually analyze each of these claims.

A.     Absence During Jury Selection

This claim is a more specific challenge to petitioner's absence during bench conferences conducted during voir dire than the general claim covering this subject addressed above.  While, a review of the record indicates that defense counsel waived petitioner's presence at a bench conference that occurred between the questioning of prospective jurors and the parties' exercise of peremptory strikes, the record also indicates petitioner's presence during all voir dire questioning and the actual exercise of juror challenges.

As indicated earlier in this order, a defendant has a constitutional right to be present "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Gagnon, 470 U.S. at 526 (quotations omitted).  Petitioner's absence during a bench conference between voir dire questioning and the actual exercise of peremptory challenges does not violate the right of petitioner's presence during trial guaranteed by the Constitution.  As indicated above, petitioner failed to demonstrate a deprivation of a constitutional right in this regard.

There is no constitutional right to be present at every moment of courtroom activity. Gagnon, 470 U.S. at 526.  In Gagnon, the Supreme Court explained that the "presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."  Id. at 526 (internal quotations omitted). Petitioner has not satisfied his burden of demonstrating that any prejudice resulted from the

---

[18]     State Rec. vol. I of III, Manning v. Cain, Order Dismissing Petition For Post-Conviction Relief, April 5, 2002.

waiver of his presence during the bench conference.  In fact, Petitioner fails to allege any prejudice whatsoever resulting from this action.  As such, Petitioner fails to meet the high threshold established by Strickland.  Moreover, petitioner fails to demonstrate that counsel was deficient in waiving his presence.  The Court also that defense counsel's waiver of petitioner's presence was permissible under state law.  Pursuant to Louisiana law, a defendant charged with a felony generally shall be present "at all proceedings when the jury is present."  La. Code Cr. Proc. Ann. art. 831(A)(5).  However, a defendant's continued presence may be waived by his counsel after commencement of trial.  La.C.Cr.P. art. 832(A).  Presence of defense counsel at every portion of the proceedings satisfies the statutory requirements of articles 831 and 832. State v. Smith, 587 So.2d 62 (La. App. 4th Cir. 1991).  Moreover, a defendant is not entitled to be present during bench conferences during voir dire where he is represented by counsel.  La. Code Cr. Proc. Ann. art. 795(B)(2).  As such, petitioner fails to satisfy the deficiency prong necessary to succeed on an ineffectiveness claim.

Petitioner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Applying the AEDPA's deferential standard, this Court rejects petitioner's claim that his counsel was ineffective when he waived petitioner's presence during a portion of jury selection.

B.      Failure to Peremptorily Challenge

Petitioner further alleges a denial of the effective assistance of counsel where trial counsel failed to make a peremptory challenge to an allegedly biased juror.  Petitioner suggests that a juror who admitted being acquainted with a deputy working for the St. Tammany Sheriff's

Office, and who admitted he found police officer's generally credible, should have been challenged peremptorily by defense counsel.[19]  However, this juror also testified during *voir dire* that he had served as a juror once before in federal court where the jury found one defendant innocent and one guilty.  Petitioner's allegation of partiality does not lead to a finding of a violation of his constitutional right to a fair trial.

As such, any defective performance by trial counsel in this regard hinges on whether the juror challenged here exhibited bias such that trial counsel failed to serve in the capacity demanded by the Sixth Amendment.  This petitioner fails to demonstrate.  The Court is mindful that jury selection is "more an art than a science."  Romero v. Lynaugh, 884 F.2d 871, 878 (5th Cir. 1989).    The United States Fifth Circuit Court of Appeals has held that "[t]he Sixth Amendment requires that in all criminal prosecutions, the accused shall enjoy the right to . . . an impartial jury. . . . The bias of a prospective juror may be actual or implied."  Solis v. Cockrell, 342 F.3d 392, 395 (5th Cir.).

Petitioner's claim is not premised on actual juror bias.   Examples of circumstances leading to the legal conclusion of "actual bias" are where the juror is an employee of the prosecuting agency or where the juror was a witness to or involved in the criminal transaction for which the defendant is being prosecuted.  Id.  The Fifth Circuit correctly points to the fact that, in most circumstances, a hearing to determine juror bias satisfies the constitutional requirements of the Sixth Amendment.  Id.  To determine whether adequate inquiry into bias of prospective jurors, this court looks to the means employed to test impartiality and whether those means created a reasonable assurance that prejudice would be discovered if present.  United

---

[19]      State Rec. vol. I of III, *Voir Dire* Transcript, January 25, 1999, at 54-55; 68

States v. Greer, 968 F.2d 433, 435 (5th Cir. 1992).  It follows that petitioner's trial counsel conducted more than adequate inquiry into Mr. Lyles such that the requirements of the Sixth Amendment have been met.

In addition to actual bias, a juror may be barred from sitting where implied (or constructive) bias is shown.  The bias to which Petitioner alleges cannot be constructively imputed to this juror.  The implied bias doctrine has been embraced where a juror has a *close relationship* with a critical actor in the case or is *emotionally involved* in the case in some other manner.  Solis, 342 F.3d at 398-99 (emphasis added).  There is nothing in the record to indicate that the challenged juror was anything but emotionally detached from Petitioner's case.  The challenged relationship does not rise to such a level that his presence on the jury prevented Petitioner from having his case heard by a fair and impartial jury.

Petitioner has failed to demonstrate that trial counsel performed deficiently by not challenging Mr. Lyles.  Petitioner's attorney engaged the entire panel in a range of questions that could reasonably determine bias.  Moreover, trial counsel exercised eleven of the twelve peremptory challenges available to him.  Furthermore, petitioner fails to demonstrate any resulting prejudice by trial counsel's failure to peremptorily challenge Mr. Lyle.  As such, petitioner fails to demonstrate either prong necessary to establish ineffective assistance of counsel.

Petitioner fails to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Applying the AEDPA's deferential standard, this Court rejects Petitioner's claim that he was deprived the effective assistance of counsel with respect to his

-17-

attorney's failure to reject Mr. Lyle from the jury.

      C.      Challenge of Jurors for Cause[20]

Petitioner next asserts the denial of the effective assistance of counsel where his trial lawyer failed to challenge the State's exclusion of jurors for cause. A review of the record reveals that Petitioner's claim is meritless. During voir dire not a single juror by either party was excluded for cause. In jury selection, jurors may be excluded peremptorily or for cause. La. C.Cr.Proc. Ann. arts. 795, 797. The trial court is required to let stand any racially neutral peremptory challenge. La. C.Cr.Proc. Ann. art. 795(D). In the instant matter, each challenge made was peremptory in nature. Irrespective of the erroneous characterization of the challenges made, petitioner does not assert that any of the peremptory challenges were racially motivated, in violation of the law. See Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986) (holding systematic pattern of discrimination in jury selection requires reversal of conviction); see also La. C.Cr.Proc. Ann. art. 795(C) (forbidding race based peremptory challenges). As such, there was nothing to which trial counsel was entitled to challenge.

Accordingly, petitioner fails to demonstrate that his trial counsel was ineffective in this regard. Applying the AEDPA's deferential standard, this Court rejects Petitioner's claim that he

---

[20]     Petitioner stylizes this claim as both a blanket accusation of counsel during voir dire and the more specific claim relating to the State's exclusion of certain jurors. The Fifth Circuit "has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.2000) (citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir.1983)). However, it appears clear to the Court that it is the State's exclusion of jurors for cause, and not the generalized claim of ineffective assistance, that forms the basis of petitioner's contention; and it is that claim that is addressed. However, and to the extent petitioner makes a blanket challenge to trial counsel's performance during voir dire, a review of the record indicates reasonable engagement in the vetting of prospective jurors by trial counsel. Therefore, petitioner fails to satisfy the deficiency prong of an ineffectiveness claim.

-18-

was deprived the effective assistance of counsel with respect to cause based exclusion of jurors.

        D.     Trial Counsel's Performance During Petitioner's Multiple Offender Adjudication

Petitioner's fourth ineffective assistance claim relates to the performance of his trial counsel during his adjudication as a multiple offender. The multiple bill of information alleged that defendant was a second offender, having previously been convicted of the felony of possession of stolen property in excess of $500 in 1993, to which petitioner pled guilty.[21] Petitioner argues that his counsel was ineffective for failing to object to alleged irregularities and errors at petitioner's initial plea in 1993, which plea resulted in the enhanced sentence imposed here. In essence, petitioner asserts that his adjudication as a multiple offender was premised on an unlawful prior conviction.[22] At the multiple offender hearing on November 30, 1999 and continued to December 3, 1999, fingerprint evidence and the waiver of rights form were used to prove that petitioner was the same individual who pled guilty in the prior crime.[23] Moreover, it is apparent in the multiple offender transcript that the trial court was provided with the 1993

---

[21]     State Rec., Vol. I of III, multiple bill of information.

[22]     As noted earlier in this Order, the claim that petitioner's predicate felony was constitutionally infirm is without merit.

[23]     See State Rec. vol. I of III,  Multiple Bill Hearing (Transcript) November 30, 1999; Multiple Bill Hearing (Transcript) December 3, 1999. Under Louisiana law, the comparison of fingerprints from prior arrests to a later offense is valid for the purpose of sentencing. See State v. Richmond, 734 So. 2d 33, 37 (La. App. 5th Cir. 1999) (comparing defendant's current fingerprints with fingerprints found in prior arrest records sufficient to prove defendant was the person convicted of a prior felony); State v. Bell, 709 So. 2d 921, 926 (La App. 5th Cir. 1997) (holding same). Moreover, using fingerprint evidence to establish prior convictions in a multiple offender proceeding does not violate constitutional protections. Banks v. McGougan, 717 F.2d 186, 190 (5th Cir. 1983).

Boykin transcript at the hearing.[24]

Turning to the prejudice prong, and as discussed above with respect to the validity of the underlying guilty plea, the trial court determined that the prior Boykin hearing comported with the constitutional requirements mandated by the Supreme Court of the United States.  Because a review of that prior hearing indicates no error with that ruling, no prejudice is demonstrable by its use.  As such, and irrespective of trial counsel's performance in this regard, Petitioner is unable to demonstrate Strickland-prejudice.

Moreover, petitioner fails to demonstrate how trial counsel performed below that standard required by the Sixth Amendment of the United States Constitution.  To the contrary, the record is clear that trial counsel diligently challenged both the fingerprint identification employed at the multiple bill hearing and the validity of the underlying plea.  The challenge to the validity of the guilty plea was first asserted in a motion to quash the multiple bill of information during the initial hearing; that motion was reasserted at the continuance of the hearing.  Each time the trial court rejected the motion to quash.  Therefore, petitioner has failed to establish deficient performance under Strickland.

Petitioner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.  Applying the AEDPA's deferential standard, this Court rejects petitioner's claim on that his counsel was ineffective during the multiple offender proceedings.

E.    Appellate Counsel's Failure to Review 1993 Boykin Transcript

---

[24]    See State Rec. vol. I of III, Multiple Bill Hearing (transcript), Nov. 30, 1999 at 2 (State submitted "boykinization" to trial court for its review).

Petitioner's final claim is that his appellate counsel provided ineffective assistance where appellate counsel did not review petitioner's 1993 Boykin transcript or challenge on direct appeal the multiple offender adjudication.

To the extent petitioner asserts that appellate counsel did not review the 1993 Boykin proceedings, the claim is unsupported by any factual basis. "Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.2000) (citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir.1983)). Accordingly, this component of his claim is without merit.

Turning to the second component of this claim, petitioner asserts that his appellate counsel was ineffective for failing to assert that petitioner's predicate felony was improper, thereby invalidating his multiple offender status. As with ineffectiveness of trial counsel, a petitioner asserting ineffectiveness of appellate counsel must satisfy the double prongs of deficient performance and resulting prejudice.[25]

In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a petitioner must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. Briesno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001);

---

[25]     Without expressly asserting this as a claim, petitioner alludes to appellate counsel's failure to seek an errors patent review on direct appeal. Petitioner is correct that appellate counsel did not seek an errors patent review, this does not amount to deficient performance, where Louisiana law mandates that the appellate courts shall review the record for errors patent. La. C.Cr.Proc. Ann. art. 920(2). Moreover, the state appellate court makes no mention of an errors patent review in its opinion.     State Rec. Vol. I of III, State v. Manning, 2000 La. App. LEXIS 3696 (La. App. 1st Cir. 2000) (No. 00-KA-0962) (unpublished opinion). However, the record of the case for errors patent review is limited to the caption, the time and place of court, the bill of information, arraignment, verdict, judgement and sentencing. State v. Knight, 536 So.2d 589 (La. App. 1st Cir. 1988). A review of the record indicates no constitutional flaws with those portions of the record on its face. As such, a patent errors review would not have resulted in a successful appeal. Accordingly, petitioner cannot demonstrate prejudice in this respect.

see also Smith v. Robbins, 528 U.S. 259, 285 (2000). Therefore, petitioner must demonstrate a reasonable probability that if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. Briesno, 274 F.3d at 210.

On direct appeal, appellate counsel lodged three assignments of error, each relating to petitioner's multiple offender hearing and enhanced sentencing. Petitioner is correct that appellate counsel failed to specifically allege a defect in the 1993 plea resulting in an improper adjudication as a habitual offender. Assuming, without deciding, that this failure would fall below that minimum level of conduct guaranteed by the Sixth Amendment, thereby satisfying the deficiency prong, petitioner fails to demonstrate that, had the claim been asserted, his appeal would have been successful. As noted above, petitioner's collateral attack on the 1993 predicate and resulting multiple offender adjudication fails because the 1993 guilty plea that formed the basis of the predicate offense was not constitutionally infirm. Because that plea was constitutionally valid, and therefore petitioner's adjudication as a multiple offender was proper, his appeal on this issue would have failed. Accordingly, petitioner is unable to show Briesno prejudice.

Petitioner has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court rejects petitioner's claim on that his counsel was ineffective during the multiple offender proceedings, or that the multiple offender proceeding was grounded on an invalid predicate.

CONCLUSION

For purposes of the limited review that can be taken by this Court, having considered the complaint, the record, and the applicable law, it is determined that Petitioner has not established that his state trial and conviction present grounds for the relief requested. Accordingly,

**IT IS ORDERED** that the petition of MELVIN MANNING for writ of *habeas corpus* under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

Judgement will be entered accordingly.

New Orleans, Louisiana, this $3 \mid$ day of August, 2004.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

-23-